## LIEN AGAINST INTEREST OF HEIR IN PROPERTY SOLD TO PAY DEBTS.

Circuit Court of Hamilton County.

ESTATE OF OTTILIA SEITZ.

Decided, May 16, 1908.

*Sale of Property of Decedent to Pay Debts—Judgment Lien Asserted
against the Interest of One of the Heirs—Nature of the Proceeding
—Can not be Attacked Collaterally—Distribution—Sections 5357,
5358 and 6145.*

The lien of a magistrate's judgment may be set up in a proceeding in
the probate court to sell the property of a decedent to pay debts,
where the party against whom the lien was obtained has an in-
terest in the property as an heir;   such a proceeding is not one
requiring the issuance of summons for the party against whom the
lien was obtained, and an order directing the administrator to pay
the claim can not be collaterally attacked.

*W. J. Davidson* and *Harry R. Weber.*

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

The judgment recovered against Minnie Flesher by William F. Wagner and the lien acquired upon her real estate inherited from her mother, Ottilia Seitz, under Sections 5377 and 5378, were not improperly set up in the probate court in the suit to sell the real estate of Ottilia Seitz to pay debts.

Section 6145 provides for the determination of the equities between parties as well as the priorities of liens, and the order of the probate court merely found that the judgment of Wagner was a lien upon the interest of Minnie Flesher in the premises to be sold, and the administrator was ordered to pay the same from the balance due Minnie Flesher.

This was not such a proceeding on a cross-petition asking affirmative relief as would require the issuance of a summons to bring a party into court, nor on the other hand can this finding or order be collaterally attacked.

Judgment affirmed.